BEAR VALLEY LAND & WATER CO. v. SAVINGS & TRUST CO.
et al.

(Circuit Court, S. D. California. July 21, 1902.)

No. 659.

1. CORPORATIONS—CANCELLATION OF DEED AS ULTRA VIRES—ESTOPPEL.

Where a corporation sold and conveyed all its property to another corporation, in part consideration for which the latter assumed payment of the grantor's debts, some of which it paid, while it renewed others, and paid the remainder of the consideration agreed upon, the grantor cannot maintain a suit in equity, after the lapse of five years, to set aside the conveyance as ultra vires, or on the ground of fraud, and recover the property, to the prejudice of third persons, who, without knowledge or notice of such claims, have acquired interests in or liens upon the property through the grantee.

In Equity. On exceptions to second amended answer and second amended cross-bill of the Bear Valley Land & Water Company.

John G. North, for complainant.
Hunsaker & Britt, for defendant Savings & Trust Company.

ROSS, Circuit Judge. A careful consideration of the second amended answer and the amended cross-bill of the Bear Valley Land & Water Company satisfies me that its case as presented by these pleadings (the averments of which are substantially the same) differs in no material respect from that presented by its second amended answer and its original cross-bill heretofore under consideration and disposed of in the opinion of this court reported in 112 Fed. 693. There is still no denial of the fact, and, indeed, now an affirmative allegation of the execution by the Bear Valley Land & Water Company to the Bear Valley Irrigation Company, on the 30th day of

¶ 1. See Corporations, vol. 12, Cent. Dig. §§ 1556, 1557.

December, 1890, of a deed purporting to convey to the latter company all of the property now claimed by the Bear Valley Land & Water Company. The new averments are that:

"On the said 30th day of December, 1890, your orator [cross-complainant] was induced by the said Bear Valley Irrigation Company to make an attempt, and did attempt, to alienate all of its property required by it, and necessary to it, as aforesaid, to enable it to perform its public duties aforesaid; and your orator was induced by the said Bear Valley Irrigation Company, on the said 30th day of December, 1890, to adopt by its board of directors, at a meeting of the said board upon the said last-named day, the following resolutions, to wit:

" 'Resolved, that this company will sell to the Bear Valley Irrigation Company all its corporate property of every character, except its corporate stock, books, papers, and seal, for the sum of two million dollars, subject to all obligations of every character between this company and every person and corporation; and said Bear Valley Irrigation Company is to assume and pay all the debts of this company, and carry out all its contracts and obligations; the assumption and payment of such debts and the carrying out the contracts being a part of the consideration of the transfer of said property. And be it further resolved, that this company purchase of the Bear Valley Irrigation Company, for the sum of two million dollars, twenty thousand shares of its fully paid up common capital stock, and the president and secretary of this company are hereby authorized to make, execute, and acknowledge all muniments of title necessary to vest the title to said property in said Bear Valley Irrigation Company, and deliver the same upon receipt of (20,000) twenty thousand shares of the fully paid up common capital stock of said Bear Valley Irrigation Company.'

"And on the same day the vice president and secretary of your orator, in pursuance of the said resolutions, signed, sealed, and delivered to the said Bear Valley Irrigation Company a certain instrument purporting to convey all the property of your orator to the said Bear Valley Irrigation Company, the said instrument being in the words and figures following, to wit:

" 'The Bear Valley Land and Water Company, a corporation organized under the laws of the state of California, does hereby grant, bargain, sell, and convey, assign, transfer, and set over, unto the Bear Valley Irrigation Company, a corporation organized under the laws of the state of California, and having its principal place of business in the city of Redlands, San Bernardino county, California, all lands and interests in lands, all water and water rights, ditches, canals, flumes, pipes and pipe lines, owned by the Bear Valley Land and Water Company, or in which it has any interest, situate in the counties of San Bernardino and San Diego, state of California; also all other corporate property of every kind owned by the Bear Valley Land and Water Company, except its corporate stock, or capital stock, its books, papers, and seal; subject to the payment by said Bear Valley Irrigation Company of all the corporate debts of the Bear Valley Land and Water Company, and the performing and carrying out of all the contracts and agreements of every kind and character of the Bear Valley Land and Water Company with any person or persons or corporation, which said debts and the performance of all contracts, by the acceptance of this instrument, the Bear Valley Irrigation Company agrees to pay, carry out, and perform. In witness whereof, the Bear Valley Land and Water Company has hereunto subscribed its name by the hand of its vice president (its president being absent), and affixed its corporate seal by the hand of its secretary, this 30th day of December, 1890, by virtue of a resolution of its board of directors regularly passed the 30th day of December, 1890, authorizing this conveyance.

" 'Bear Valley Land and Water Company,

"  '[Corporate Seal.]          Ammon P. Kitching, Vice President.

"  'Attest: Fulton G. Feraud, Secretary.'

"That the said instrument was duly acknowledged and recorded as set forth in complainant's bill. Your orator further alleges that at the time the

above resolution was adopted and the said instrument executed as aforesaid, and for some time prior thereto, and for many years thereafter, to wit, until the year 1895, your orator was under. the influence, domination, and absolute control of the said Bear Valley Irrigation Company and its incorporators. Your orator further alleges that the said influence, domination, and control exercised by the said Bear Valley Irrigation Company over your orator was exercised by the said Bear Valley Irrigation Company fraudulently, and in pursuance of the fraudulent intent of the said last-named company to acquire and retain the property of your orator without the payment to your orator of any money or valuable consideration therefor, and that at the time said resolution was adopted and said instrument executed the board of directors and officers of your orator were under the said influence, domination, and control of the said Bear Valley Irrigation Company, and in the interest of the said Bear Valley Irrigation Company, and seeking to further its aforesaid attempt to secure the said property of your orator; that the said resolutions were adopted and the said instrument executed by the directors and officers of your orator solely by reason of the said influence, domination, and control of your orator and its directors and officers by the said Bear Valley Irrigation Company, and the conspiracy hereinafter set forth, and but for said influence, domination, and control, and said conspiracy, the said resolutions would not have been adopted, nor the said instrument executed; that the purpose of the said Bear Valley Irrigation Company in so securing the adoption of the said resolutions and the execution of the said instrument by your orator was to perpetrate a fraud upon your orator, and to secure its property without valuable consideration, and in violation of law, and contrary to the purposes for which this corporation Bear Valley Land and Water Company, your orator, was created; that in the month of November, 1890, one F. E. Brown was a director of the corporation Bear Valley Land and Water Company, your orator; that the said Brown had been one of the incorporators of the corporation Bear Valley Land and Water Company, your orator, and the general manager thereof, and as chief engineer for your orator had constructed the Bear Valley dam about the year 1883, and in the said month of November, 1890, the said Brown was the principal and most influential member of the board of directors of your orator, and that the other members of the said board were guided and controlled by the said Brown; that the said Brown was one of the incorporators and the moving spirit in the Bear Valley Irrigation Company, which was incorporated in the said month of November, 1890; that the incorporators of the said Bear Valley Irrigation Company and the directors named in its articles of incorporation met for the first time, and for the purpose of organizing and electing the officers of the said board and the said company, on the 19th day of December, 1890, at which meeting the said F. E. Brown was chosen and elected vice president of the said Bear Valley Irrigation Company; that two days before the said Brown was so elected vice president of the Bear Valley Irrigation Company aforesaid, to wit, on the 17th day of December, 1890, the said F. E. Brown was a member of the board of directors of the corporation Bear Valley Land and Water Company, your orator; that on the said 17th day of December, 1890, the said Brown had under consideration the project of acquiring for the said Bear Valley Irrigation Company all of the property of your orator, and conspired with certain other members of the board of directors of your orator and other persons for the purpose of so acquiring the said property for the said Bear Valley Irrigation Company; and your orator alleges that the said Brown, in order to induce the said directors of the corporation Bear Valley Land and Water Company, your orator, to consent to the said transfer of its property to the said Bear Valley Irrigation Company, did promise and represent to the then directors of your orator that the stock which they held in the corporation Bear Valley Land and Water Company, your orator, in case the proposed transfer of property was agreed to by them and carried out, would be purchased by the said Brown and his associates at a price in excess of any price theretofore paid for the said stock, and in excess of the market value thereof, and in excess of the price which the said Brown and his associates would be willing to give for the said stock of your orator in case the said transfer should not be made; that on

the said 17th day of December, 1890, in order to give the said transfer an appearance of fairness, and in order to avoid an appearance of fraud, the said F. E. Brown resigned his directorship in the corporation Bear Valley Land and Water Company, your orator, and had F. G. Feraud chosen by the board of directors to fill the vacancy caused by his said resignation, and the said Feraud was, on the said last-named date, so elected and chosen a director in the corporation Bear Valley Land and Water Company, your orator; that the sole purpose of the said resignation of the said Brown and the said election of the said Feraud was to enable the said Brown to appear of record as interested upon only one side of the transaction of the said transfer of property, instead of appearing as interested on both sides of the same, and manipulating and controlling and directing the same, as he was in fact doing; that on the 30th day of December, 1890, at the meeting of the board of directors of the corporation Bear Valley Land and Water Company, your orator, which passed the resolution above set forth and authorized the aforesaid attempted conveyance of all the property of the corporation Bear Valley Land and Water Company, your orator, to the said Bear Valley Irrigation Company, there were present, including the said F. G. Feraud, only four out of the seven directors constituting the full board of directors of the corporation Bear Valley Land and Water Company, your orator; that the resolutions above set forth were adopted and the said attempted transfer of the said property authorized on the said 30th day of December, 1890, by the vote of the said four directors only, and that the said was never ratified by the stockholders of the corporation Bear Valley Land and Water Company, your orator, and was never presented before any meeting of the said stockholders, and the said stockholders never had any notice thereof; that the said adoption of the said resolutions and the authorization of the said attempted transfer of property were made and enacted by the said four directors of the corporation Bear Valley Land and Water Company, your orator, by reason of, in pursuance of, and because of the said fraudulent conspiracy of the said F. E. Brown with the said directors and others, and the aforesaid control by the said Bear Valley Irrigation Company, and would not have been done or authorized except for the said conspiracy, and the said promise by the said Brown and his associates to purchase the said stock of the said directors at a price in advance of the market price, as hereinbefore set forth, and the said control aforesaid.

"Your orator further alleges that the said conspiracy embraced also the further purpose to prevent the subsequent assertion by your orator of its rights, and the repudiation of the said attempted conveyance; and that the said influence, domination, and control of your orator by the said Bear Valley Irrigation Company and the said Brown, its vice president and his associates and co-conspirators, were exercised for that purpose, and with that effect, up to and until the election of the present board of directors and officers of the corporation Bear Valley Land and Water Company, your orator, in the year 1895. Your orator further alleges that the consideration for the said attempted conveyance of all the property of your orator to the said Bear Valley Irrigation Company was, as stated in the aforesaid resolutions, twenty thousand shares of the capital stock of the said Bear Valley Irrigation Company, and the promise by said Bear Valley Irrigation Company to pay all debts of your orator, and to carry out all of the contracts of your orator. Your orator further alleges that, notwithstanding its execution of its promissory notes and deeds of trust to the said Savings & Trust Company, it never received from said Savings & Trust Company the full sum of $300,000, as set forth in its said amended bill, and your orator alleges that it never received from said Savings & Trust Company, prior to the 30th day of December, 1890, or at any other time, or at all, any more than the sum of $150,000, and was never indebted to the said Savings & Trust Company in any amount greater than the said last-named sum; and your orator alleges upon information and belief that the said Bear Valley Irrigation Company never paid the said sum of $150,000 aforesaid, and that the said Bear Valley Irrigation Company never paid any of the debts or fulfilled any of the contracts of your orator, the promise to pay and fulfill all of which constituted all of the consideration, other than the said twenty thousand

shares of the capital stock of the said Bear Valley Irrigation Company, for the said attempted transfer of the said property of your orator. And your orator further avers that the instrument last above set forth, and purporting to convey all the property of your orator to the said Bear Valley Irrigation Company, was and is ultra vires and void, and contrary to law and public policy, and contrary to the purposes for which this defendant corporation was created, and that the same passed no title or interest in any of the said property of your orator, and conferred no right whatever upon the Bear Valley Irrigation Company or any other person or corporation;" and the further averment that the Bear Valley Land & Water Company "is ready, willing and able to return and deliver over to such person or corporation as this honorable court may decree to be entitled to receive the same the aforesaid twenty thousand shares of the capital stock of the Bear Valley Irrigation Company, and whatever sum or sums of money were paid by the said Bear Valley Irrigation Company in consideration of the attempted conveyance to it by your orator of its property as aforesaid, and whatever sum or sums of money this court may, by its decree, declare that your orator ought to pay as a condition of the delivery to this defendant of its property hereinbefore described and set forth."

There is nothing tending to show any knowledge on the part of the complainant Savings & Trust Company of the alleged frauds on the part of Brown and the directors of the Bear Valley Land & Water Company and the directors of the Bear Valley Irrigation Company, and nothing that, in my opinion, takes the case out of the decision of the court heretofore rendered in the matter. For the reasons then given, the complainant's exceptions to the second amended answer and to the amended cross-bill of the Bear Valley Land & Water Company are sustained, without leave to further amend. An order to that effect will be entered.